# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0685-17T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SEAN JOHNSON,

     Defendant-Appellant.

_____

Submitted October 15, 2018 – Decided December 4, 2018

Before Judges Sumners and Mitterhoff.

On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 08-09-0787.

Joseph E. Krakora, Public Defender, attorney for appellant (Al Glimis, Designated Counsel; William P. Welaj, on the brief).

Michael A. Monahan, Acting Union County Prosecutor, attorney for respondent (Milton S. Leibowitz, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Sean Johnson appeals from the trial court's denial of his post-conviction relief ("PCR") petition without an evidentiary hearing. We affirm, substantially for the sound reasons expressed in Judge Robert Kirsch's April 20, 2017 written opinion.

On September 12, 2008, a Union County grand jury returned an indictment charging defendant with five counts, including second-degree sexual assault in violation of N.J.S.A. 2C:14-2(c)(4). On September 12, 2011, defendant appeared before the Honorable Robert Mega, J.S.C., and pled guilty to second-degree sexual assault. Pursuant to a plea agreement, the State recommended dismissal of the remaining four charges and a sentence of a five-year term of incarceration.

During the plea hearing, defendant testified that he was pleading freely, voluntarily, and intelligently. He also testified that he had reviewed all discovery, had discussed possible motions with his attorney, was satisfied with his attorney's advice, and did not need more time to consult with his attorney. Defendant testified that he understood the plea agreement and asked the court to accept his plea.

Defendant then provided a factual basis for his plea, testifying that in 2005 he received consensual oral sex from his fourteen-year-old half-sister while he

A-0685-17T3

was twenty-one years old. The trial court accepted defendant's plea and sentenced defendant to a five-year term at the Avenel Adult Diagnostic and Treatment Center. Defendant was also required to register as a sex offender under Megan's Law and to submit to parole supervision for life.

On May 12, 2016, defendant filed a petition for PCR alleging ineffective assistance of plea counsel. After considering the petition without an evidentiary hearing, Judge Kirsch issued a written opinion rejecting defendant's claim. On appeal of the denial of PCR, defendant raises the following point for our review:

> THE POST-CONVICTION RELIEF COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL, RESULTING IN A GUILTY PLEA WHICH HAD NOT BEEN FREELY, KNOWINGLY AND VOLUNTARILY ENTERED.

Having considered the record in light of the applicable legal principles, we find no merit in defendant's argument. The PCR judge's opinion is legally sound and well supported by the record. We add only the following comments.

In cases where the PCR court does not conduct an evidentiary hearing, we review the PCR judge's legal and factual determinations de novo. State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018) (citation omitted). A PCR

petitioner faces the burden to establish the grounds for relief by a preponderance of the credible evidence. State v. Goodwin, 173 N.J. 583, 593 (2002) (citations omitted). To establish an ineffective-assistance-of-counsel claim, a convicted defendant must demonstrate: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the accused's defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting two-part Strickland test in New Jersey).

Further, to set aside a plea based on ineffective of counsel, "a defendant must show that (i) counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; and (ii) 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)). In other words, "a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." State v. O'Donnell, 435 N.J. Super. 351, 371 (App. Div. 2014) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)).

Applying these principles, we agree with the PCR court that defendant failed to present a prima facie case to set aside the plea based on ineffective

A-0685-17T3

assistance of counsel.  As noted by the PCR court, defendant failed to submit a certification or affidavit supporting that his attorney provided inadequate advice on the plea agreement or that he would have proceeded to trial.  See R. 3:22-10(c) ("Any factual assertion that provides the predicate for a claim of relief must be made by an affidavit or certification pursuant to Rule 1:4-4 and based upon personal knowledge of the declarant before the court may grant an evidentiary hearing.").  Defendant's assertions at the plea hearing reflect that he was satisfied with his attorney's representation and did not wish to proceed to trial.  Indeed, there is no evidence in the record that petitioner wished to proceed to trial or would have obtained a more favorable result had he proceeded to trial.

Consequently, the PCR judge did not misapply his discretion in denying an evidentiary hearing, as defendant failed to establish a prima facie basis for relief.  See State v. Marshall, 148 N.J. 89, 158 (1997) (citations omitted) ("If the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to post-conviction relief, . . . then an evidentiary hearing need not be granted.").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0685-17T3